[No. 9979.   Department One.   March 9, 1912.]

INTERNATIONAL MERCANTILE & BOND COMPANY, *Appellant*, v. SHAW-WELLS COMPANY, *Respondent*.[1]

APPEAL—REVIEW—HARMLESS ERROR—TRIAL—ARGUMENT OF COUNSEL.   The arbitrary interruption by the court of proper argument of counsel, as going beyond the instructions, will be held harmless error, unless it appears from the whole record that otherwise a different verdict would probably have been returned.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered December 23, 1910, upon the verdict of a jury rendered in favor of the defendant, in an action on contract.   Affirmed.

*Cohn & Rosenhaupt* and *Bruce Blake*, for appellant.

*Campbell & Goodwin* and *J. B. Campbell*, for respondent.

PER CURIAM.—This case was tried upon an issue of fact, and a verdict rendered in favor of the defendant.   The only question involved is whether the contract of a sales agent, made without authority, was ratified by the principal, the appellant here.   The facts are such that we think it was a question for the jury, thus preventing us from holding, as a matter of law, that the contract was not ratified.

It is complained that the court arbitrarily interrupted counsel for appellant in his argument to the jury, reminding him that he was going beyond the province of an advocate in challenging the law as given by the court in the instructions

[1]Reported in 121 Pac. 834.

which had been read to the jury. From the record as we have it, it is doubtful whether the interruption was warranted. It is more likely that the colloquy came through a misunderstanding on the part of the court as to what counsel was saying to the jury. But it does not follow that the judgment should be reversed for this reason. Error, especially when going to a matter collateral to the main issue, must be prejudicial. This court must be satisfied that the act complained of might have influenced the verdict. The conduct of the trial is peculiarly within the province of the presiding judge, and his right to check counsel when, in his judgment, he is pursuing an improper line of argument is unquestioned; and an appellate court will not reverse a judgment unless it appears that the conduct of the judge, taken in connection with the whole record, makes it at least probable that a different verdict would have been returned. We are convinced that the verdict in this case could not have been other than it was, and will not, therefore, presume prejudice.

Judgment affirmed.